```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


STROMAN REALTY, INC.,             §
                                  §
      Plaintiff,                  §
                                  §
v.                                §    CIVIL ACTION NO. H-05-2066
                                  §
FERNANDO E. GRILLO, Secretary     §
of the Illinois Department of     §
Financial and Professional        §
Regulation,                       §
                                  §
      Defendant.                  §
```

MEMORANDUM AND ORDER

Pending are Defendant Fernando E. Grillo, Secretary of the Illinois Department of Financial and Professional Regulation's Motion to Dismiss (Document No. 16) and Stroman Realty, Inc.'s Motion to Stay (Document No. 23). After having carefully considered the motions, responses, supplemental response, replies, and the applicable law, the Court concludes as follows:

I. Background

Plaintiff Stroman Realty, Inc. ("Stroman"), a Texas corporation with its sole office in Conroe, Texas, is a real estate broker licensed under the laws of the State of Texas that specializes in the secondary market for timeshares in land, usually resort properties. Stroman brings this § 1983 action to enjoin Defendant Fernando E. Grillo, Secretary for the Department of

Financial and Professional Regulation ("DFPR") for the State of Illinois ("Defendant" or the "Secretary"), from applying the regulatory and/or licensing authority of Illinois to Stroman's timeshare business.

According to Stroman, the Secretary has taken the position that if Stroman engages in timeshare resale activities that involve (1) Illinois citizens as sellers, renters, or buyers, regardless of the location of the timeshare property, or (2) timeshare properties located in Illinois or timeshare companies whose business offices are located in Illinois, regardless of the residence of the potential seller, renter, or buyer, then Stroman and its salespeople must obtain Illinois real estate licenses and comply with all Illinois laws and regulations governing timeshares. Stroman contends that applying Illinois's real estate licensing laws and regulations to its business violates the dormant Commerce Clause of the United States Constitution by (1) discriminating against interstate commerce in favor of local business, (2) imposing an undue burden on interstate commerce by placing an excessive financial burden on secondary market timeshare brokers like Stroman, and (3) projecting Illinois law onto other states by forcing Texas brokers to comply with Illinois laws in timeshare transactions with Texas residents who own timeshare property in Illinois.  *See* Document No. 3 ¶ 66.  Stroman therefore seeks preliminary and permanent injunctions "enjoining [the Secretary]

from enforcing the Real Estate License Act of 2000, 225 Ill. Comp. Stat. Ann. 454 and the regulations thereunder against [Stroman] in the conduct of its business in the timeshare resale market," as well as attorneys' fees.  Id. ¶ 67.

Before Stroman filed this suit, the Secretary sent to Stroman's attorney in Montgomery, Texas, a cease and desist letter informing Stroman that the Secretary had received from an Illinois citizen a complaint about Stroman's real estate sales activity and that Stroman was engaged in the practice of real estate brokerage in Illinois without Illinois licensure.  Stroman then filed this suit about a month later, shortly before the Secretary initiated an administrative action against Stroman in Illinois.  *See* Document No. 17 ex. A.  In that action, the Secretary seeks to impose monetary penalties against Stroman for "enter[ing] into client relationships to serve as timeshare resale agent for owners of timeshare properties physically located in Illinois"; "issu[ing] direct mail to Illinois citizens offering its services as a timeshare resale agent"; holding "itself out as a timeshare resale agent in advertising in local Illinois newspapers"; and "enter[ing] into client relationships to serve as a timeshare sales agent for Timeshare Developers whose business offices were located in Illinois."  Id.

The Secretary now moves to dismiss the case before this Court on the following grounds: (1) the Court lacks personal jurisdiction

3

over the Secretary; (2) venue is not proper in the Southern District of Texas; (3) Stroman's allegations fail to state a cognizable claim; and (4) dismissal is proper pursuant to the Younger abstention doctrine.  Stroman disagrees and further requests that the Court order that the DFPR action in Illinois be stayed pending resolution of Stroman's claims in this case.

## II.   Discussion

A.   Personal Jurisdiction

1.   Standard of Review

A federal court may exercise personal jurisdiction over a nonresident defendant if:  (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) the exercise of such jurisdiction comports with due process under the United States Constitution.  *See* Electrosource, Inc. v. Horizon Battery Techs., Ltd., 176 F.3d 867, 871 (5th Cir. 1999). Because the Texas long-arm statute has been interpreted to extend as far as due process permits, the sole inquiry is whether the exercise of personal jurisdiction over a nonresident defendant comports with federal constitutional due process requirements. Id.

Due process requirements for exercising personal jurisdiction over a nonresident have been defined by the United States Supreme Court in a familiar body of case law.  Stuart v. Spademan, 772 F.2d

4

1185, 1189 (5th Cir. 1985).  The due process inquiry focuses upon whether the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 66 S. Ct. 154, 158 (1945).  "A defendant establishes minimum contacts with a state if 'the defendant's conduct and connection with the forum state are such that [the defendant] should reasonably anticipate being haled into court there.'"  Nuovo Pignone, SpA v. Storman Asia M/V, 310 F.3d 374, 379 (5th Cir. 2002) (quoting Burger King Corp. v. Rudzewicz, 105 S. Ct. 2174, 2183 (1985)).  "There must be some act whereby the [nonresident] defendant 'purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'"  Id.

Two types of personal jurisdiction are recognized: (1) specific; and (2) general.  Specific jurisdiction exists when the cause of action relates to or arises out of the defendant's contacts with the forum.  *See* Helicopteros Nacionales de Colombia, S.A. v. Hall, 104 S. Ct. 1868, 1872 n.8 (1984).  "[T]he 'minimum contacts' requirement is satisfied, and 'specific' jurisdiction is proper, so long as that contact resulted from the defendant's purposeful conduct and not the unilateral activity of the plaintiff."  Bearry v. Beech Aircraft Corp., 818 F.2d 370, 374 (5th Cir. 1987) (citing World-Wide Volkswagen Corp. v. Woodson, 100 S.

Ct. 559, 567-68 (1980)). "The contacts with the forum State must be such that it is foreseeable that the defendant 'should reasonably anticipate being haled into court there.'" Electrosource, 176 F.3d at 872 (quoting World-Wide Volkswagen, 100 S. Ct. at 567). "A single act by the defendant directed at the forum state, therefore, can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted." Ruston Gas Turbines, Inc. v. Donaldson Co., Inc., 9 F.3d 415, 419 (5th Cir. 1993) (citations omitted). When the issue is one of specific jurisdiction, a court must examine the relationship among the defendant, the forum, and the litigation. *See* Helicopteros, 104 S. Ct. at 1872.

Alternatively, general jurisdiction may be exercised over a defendant who has systematic and continuous contacts with the forum. *See* Helicopteros, 104 S. Ct. at 1872-73; Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000). "General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." Access Telecom, Inc. v. MCI Telecomms. Corp., 197 F.3d 694, 717 (5th Cir. 1999). The defendant's contacts with the forum must be substantial to warrant the exercise of general jurisdiction. Alpine View, 205 F.3d at 217.

When an evidentiary hearing on the question of jurisdiction is not conducted, the party seeking to establish jurisdiction bears the burden of presenting a prima facie case of personal jurisdiction. Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 211 (5th Cir. 1999). Proof by a preponderance of the evidence is not required. Kelly v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841, 854 (5th Cir. 2000). Uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits and other documentation must be resolved in the plaintiff's favor. Alpine View, 205 F.3d at 215.

2. Analysis

The Secretary argues that the Court does not have personal jurisdiction over him because the DFPR does not have minimum contacts with the State of Texas. See Document No. 17 at 3-4. The Secretary points out that it is uncontroverted that he does not have an office in Texas, does not regularly work in or travel to Texas, does not have any employees in Texas, and has never had any contract or transacted any business in Texas. According to the Secretary, his only contacts with Texas at all consist of (1) sending a cease and desist letter to Stroman via its attorney

in Montgomery, Texas;[1] and (2) filing an administrative complaint against Stroman in Illinois, which the Secretary knew would eventually be delivered to Stroman in Texas.  The Secretary argues, however, that Stroman cannot create personal jurisdiction over him in Texas by refusing to own a mailbox in Illinois, where Stroman allegedly engages in real estate brokerage activities by advertising, selling Illinois property, and servicing Illinois buyers and sellers.  In other words, it is the Secretary's position that the mere fact that he is seeking to enforce Illinois real

---

[1] In the cease and desist letter, the Secretary states:

    My agency received a complaint letter from an Illinois citizen who retained [Stroman] for the purpose of reselling a timeshare interest.  A review of our records shows that [Stroman] does not hold the required licensure in Illinois to act in such a capacity. . . .

    The Illinois Timeshare Act defines . . . a resale agent as 'a person who, directly or through the person's employees or agents, sells or offers to sell a timeshare interest previously sold to a purchaser or solicits an owner of a timeshare interest to list the owner's timeshare interest for sale.'  Note that the definition includes the 'offering' of the resale service in Illinois, not just the actual services provided towards a transaction that closes.  Also, note that the definition does not require that the timeshare interest be located in Illinois.  The representation of a seller-client who resides in Illinois triggers application."

    . . . . [Stroman] either needs to obtain real estate licensure in Illinois, or [Stroman] needs to cease & desist doing business in Illinois.

Document No. 3 ex. 8.

estate licensure laws and regulations against a Texas citizen is insufficient to create personal jurisdiction over him in Texas.

Stroman, on the other hand, argues that by attempting to apply Illinois licensure laws and regulations to Stroman, a Texas citizen, based on activities that Stroman contends it conducts solely in Texas, the Secretary has "reached into the State of Texas."  Document No. 22 at 5.  According to Stroman, "the Secretary deliberately engaged in activity in Texas by communicating and sending correspondence into Illinois [sic] demanding that Stroman either obtain Illinois licensure or cease and desist doing business in Illinois."  Document No. 39 at 2-3. Stroman notes, however, that it is a Texas corporation, is licensed in Texas, has its only business office in Texas, has all of its employees in Texas, does all of its business by telephone and mail from its Texas office, and accepts all contracts from its customers and receives all funds from its customers in Texas.  Document No. 22 at 8.  Thus, Stroman argues, any activities that would be regulated by the Secretary are performed exclusively in Texas, and the Secretary has therefore "reached into Texas to impose [Illinois's] regulatory scheme on Stroman, not for business it does in Illinois, but for business it does in Texas."  Id. at 8-9.[2]

---

[2] To illustrate this principle, Stroman gives the following examples of conduct for which it claims it would face sanction under the Illinois real estate licensure laws: (1) a Texas resident calls Stroman about an Illinois timeshare property; (2) Stroman enters into its standard registration/advertising agreement (a

Because "all of its work is performed in Texas by agents licensed by the Texas Real Estate Commission," Stroman argues, the Secretary's "conduct is directed at Stroman in Texas and has caused injury in Texas," such that the Secretary is subject to jurisdiction here. Document No. 39 at 2-3.[3]

Because Stroman does not contend, nor is there evidence to support the conclusion, that the Court has general jurisdiction over the Secretary, the only issue before the Court is whether Stroman's allegations and evidence support specific jurisdiction-- that is, whether the Secretary has purposeful contacts with Texas that have given rise to or are related to Stroman's claims. *See* Panda Brandywine Corp. v. Potomac Elec. Power Co., 253 F.3d 865, 868 (5th Cir. 2001).

The crux of Stroman's jurisdictional argument is Stroman's allegation that the Secretary's conduct in seeking to enforce

---

personal service contract) with a Texas resident whose timeshare property is in Illinois; and (3) an Illinois resident reads Stroman's advertisements in USA Today. *See* Document No. 22 at 8-9.

[3] Stroman also argued in its response brief that the Secretary, by using an attorney in the Texas Attorney General's office to assist him in defending this case, has used the government of Texas against Stroman. The Texas Office of the Attorney General is no longer acting as local counsel for the Secretary, *see* Document No. 38, but even if it was, the Secretary's use of the Texas Attorney General's office--which occurred after and resulted directly from Stroman's filing of this suit--does not give rise to specific jurisdiction because Stroman's claims do not relate to or arise out of such conduct. *See* Helicopteros, 104 S. Ct. at 1872 n.8 (holding that specific jurisdiction exists when the cause of action relates to or arises out of defendant's contacts with the forum).

Illinois's real estate licensing laws and regulations against Stroman has resulted in harm to Stroman's Texas-based business. However, the mere allegation that a non-resident defendant has committed a tort that allegedly injured a forum resident does not necessarily establish that the defendant possesses the constitutionally required minimum contacts. *See* Singing River Hosp. Sys. v. Swenson, 996 F. Supp. 591, 595 (S.D. Miss. 1998) (quoting Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1079-80 (10th Cir. 1995)). Indeed, "[s]uch a theory would always make jurisdiction appropriate in a plaintiff's home state, for the plaintiff *always* feels the impact of the harm there." ESAB Group, Inc. v. Centricut, Inc., 126 F. 3d 617, 626 (4th Cir. 1997). Thus, although the allegation that the Secretary's conduct caused tortious effects in Texas is relevant to the jurisdictional inquiry, "it must ultimately be accompanied by the [Secretary]'s own contacts with the [Texas] if jurisdiction over the [Secretary] is to be upheld." Id.; *see also* Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 212 (5th Cir. 1999) ("The foreseeable effects of a tort are to be assessed as part of the defendant's relevant contacts with the forum. Foreseeable injury alone is not sufficient to confer specific jurisdiction, absent direction of specific acts toward the forum.") (internal citations and quotation marks omitted); Allred, 117 F.3d at 286 ("[T]he effects test is not a substitute for a nonresident's minimum contacts that demonstrate

purposeful availment of the benefits of the forum state."). The Court must therefore consider the Secretary's contacts with Texas other than the alleged effects of the Secretary's conduct felt by Stroman in Texas.

The evidence presented shows that the Secretary (1) sent a cease and desist letter to Stroman's attorney in Texas in May 2005; and (2) filed an administrative complaint against Stroman in Illinois, copies of which were mailed to Stroman and its attorney in Texas. *See* Document Nos. 3 ex. 8; 17 ex. A. These are the Secretary's only contacts with the State of Texas, and they are insufficient to confer specific jurisdiction over the Secretary. First, the cease and desist letter--which was sent to Stroman after the Secretary received a complaint from an Illinois citizen who had a seller-client relationship with Stroman--is an insufficient basis for conferring specific jurisdiction. *See*, *e.g.*, DNH, LLC v. In-N-Out Burgers, 381 F. Supp. 2d 559, 563-64 (E.D. La. 2005) (Vance, J.) (noting that courts have repeatedly held that cease-and-desist letters are insufficient to confer specific personal jurisdiction in patent and copyright cases because principles of fair play and substantial justice afford a party latitude to inform others of its rights without subjecting itself to suit in a foreign forum) (citing cases); *see also* Thousand Trails, Inc. v. Foxwood Hill Property Owners Ass'n, Inc., 3:98-CV-2843-D, 1999 WL 172322, at *3 (N.D. Tex. Mar. 22, 1999) (Fitzwater, J.) (noting that plaintiff's

12

assertion of personal jurisdiction based on defendant's having sent four bills and several threats of litigation to plaintiff's Dallas, Texas headquarters was "analogous to a patent or copyright lawsuit, initiated due to the plaintiff's receipt of a cease and desist letter, that seeks a declaratory judgment that the plaintiff is not infringing the defendant's rights," and holding that defendant's actions were therefore insufficient to confer personal jurisdiction). Likewise, the fact that the Secretary mailed a copy of the Illinois administrative complaint to Stroman in Texas after Stroman filed this suit does not give rise to specific jurisdiction. *See* Allred v. Moore & Patterson, 117 F.3d 278, 286-87 (5th Cir. 1997) (holding that a non-resident defendant's intentional act of causing process to be served by mail on a plaintiff in his home forum state was insufficient to support personal jurisdiction over the non-resident defendant in plaintiff's suit for abuse of prosecution).

Moreover, the fact that Stroman is a Texas-based business does not confer specific jurisdiction over the Secretary. *See* Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773, 778 (holding that defendant's communications to Texas were insufficient to confer specific jurisdiction where they rested on "the mere fortuity that [plaintiff] happens to be a [Texas] resident"); DNH, 381 F. Supp. 2d at 564 ("When, as here, all of a defendant's contacts with the forum state occur merely because plaintiffs are residents of that

13

state, there is nothing to indicate that the defendant purposely directed its activities at the state or purposely availed itself of the benefits and protections of the state."); *see also* Burger King, 105 S. Ct. at 2183 ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.").

In sum, although Stroman argues that the Secretary has effectively reached from Illinois into Texas to impose its laws and regulations on Stroman, the evidence is that the Secretary's only real contact with Texas was mailing the cease and desist letter and administrative complaint, and those letters were sent to Texas merely because that is where Stroman and its attorney reside. This contact with Texas is the sort of "random," "fortuitous," and/or "attenuated" contact that falls short of the "purposeful availment" requirement and is not sufficient to support personal jurisdiction. *See* Burger King, 105 S. Ct. at 2183. After careful consideration of the Secretary's contacts with Texas, the Court finds that it lacks personal jurisdiction over the Secretary. *But see* Stroman Realty, Inc. v. Antt, 20 F. Supp. 2d 1050, 1052-54 (S.D. Tex. 1998).

B.   Transfer of Venue

In its second supplemental response to the Secretary's motion to dismiss, Stroman requests that "[i]n the event the court were to

conclude that jurisdiction is not appropriate here . . . the case be transferred to the Northern District of Illinois so that [Stroman] is not denied a forum to assert its constitutional claims." Document No. 39 at 4 n.6. The Secretary replies that, subject to the arguments raised in the motion to dismiss, "if the Court finds this matter is properly in federal court, personal jurisdiction and venue properly arise in the Northern District of Illinois." Document No. 40 at 3.

"Once a district court determines that it lacks personal jurisdiction, it is within its discretion to transfer the case to a court of proper jurisdiction and venue if it finds that it is within the interests of justice to do so." Romero v. Cajun Stabilizing Boats, Inc., No. Civ. A.G. 05-483, 2006 WL 367871, at *4 (S.D. Tex. Feb. 14, 2006) (Kent, J.) (citing 28 U.S.C. §§ 1404(a), 1406(a), 1631; Goldlawr, Inc. v. Heiman, 82 S. Ct. 913, 916 (1962); Caldwell v. Palmetto State Savings Bank of South Carolina, 811 F.2d 916, 919 (5th Cir. 1987); Bentz v. Recile, 778 F.2d 1026, 1027-28 (5th Cir. 1985); Arriaga v. Imperial Palace, Inc., 252 F. Supp. 2d 380, 387-88 (S.D. Tex. 2003); Smirch v. Allied Shipyard, Inc., 164 F. Supp. 2d 903, 913-14 (S.D. Tex. 2001); Williams v. Castro, 21 F. Supp. 2d 691, 694 (S.D. Tex. 1998)). The Court finds that the interest of justice is best served by transferring this case to the Northern District of

15

Illinois to avoid further delay in the adjudication of Stroman's alleged injuries.

### III.  Order

Based on the foregoing, it is hereby

ORDERED that Defendant Fernando E. Grillo, Secretary of the Illinois Department of Financial and Professional Regulation's Motion to Dismiss (Document No. 16) is GRANTED IN PART.  The Court lacks personal jurisdiction over the Secretary and, in accordance with Plaintiff's request under such circumstances, Document No. 39 at 4, n. 6, it is ORDERED that this case be TRANSFERRED pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Illinois, in which forum it might have been brought.

The Clerk will mail a copy of this Order of Transfer to the Clerk of the United States District Court for the Northern District of Illinois, and shall notify all parties and provide them with a true copy of this Order.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas, on this 28th day of February, 2006.

                                        _____
                                            EWING WERLEIN, JR.
                                      UNITED STATES DISTRICT JUDGE